**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4287**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINZEL DALLAS JACOBS,

Defendant - Appellant.

**No. 17-4289**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINZEL DALLAS JACOBS, a/k/a Star, a/k/a OG,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00114-WO-2; 1:08-cr-00319-WO-1).

Submitted:  January 22, 2018                           Decided:  February 9, 2018

Before GREGORY, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, Angela Hewlett Miller, Assistant United States Attorney OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winzel Dallas Jacobs appeals the district court's judgment revoking supervised release and imposing a 24-month prison term with no additional supervised release in No. 1:08-cr-00319-WO-1, and revoking supervised release and imposing a concurrent 24-month prison term to be followed by five years' supervised release in No. 1:09-cr-00114-WO-2. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Jacobs' within-Policy Statement range revocation sentence was plainly unreasonable. Although he was advised of his right to file a pro se supplemental brief, Jacobs did not file one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A sentence can be either procedurally or substantively unreasonable. *Webb*, 738 F.3d at 640. A sentence will be deemed procedurally unreasonable if the judge failed to

3

consider the Chapter Seven Policy Statements or pertinent 18 U.S.C. § 3553(a) (2012) sentencing factors or if the judge failed to "'provide a statement of reasons for the sentence imposed.'" *Thompson*, 595 F.3d at 547 (quoting *Moulden*, 478 F.3d at 657); *Crudup*, 461 F.3d at 440. A revocation sentence is substantively unreasonable if the district court did not rely on a proper basis in rendering its sentence. *Crudup*, 461 F.3d at 440. Only if a sentence is procedurally or substantively unreasonable will we proceed to the second step: determining whether the sentence is "plainly unreasonable." *Id*. at 439. A sentence is plainly unreasonable if it runs "afoul of clearly settled law." *Thompson*, 595 F.3d at 548.

In fashioning an appropriate sentence, the primary focus is "sanction[ing] the violator for failing to abide by the conditions of the court-ordered supervision." U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b), p.s. (2009). Thus, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b); *see* 18 U.S.C. § 3553(a)(1). The court also must consider some of the factors enumerated under § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439.

Here, the district court made no errors in determining Jacobs' statutory maximum revocation sentence, finding that the most serious infraction was a Grade B violation, and establishing the 18- to 24-month Policy Statement range. In determining that a Policy

Statement range sentence was appropriate, the district court took into account Jacobs' conduct during supervision and his continued drug use. Although the court did not expressly cite Jacobs' breach of trust, the court recited Jacobs' allocution from his original sentencing where he attributed his crimes to his drug abuse, professed his desire to improve himself and stay sober, and avowed to never repeat his offenses. The court observed that, despite these promises, Jacobs returned to substance abuse during his period of supervision and fled after his termination from a substance abuse treatment program instead of reporting to the probation office as directed. Finally, the court noted that failure to impose a prison sentence for Jacobs' violations would not create the deterrent necessary to prevent recidivism. We conclude that Jacobs' within-Policy Statement range sentence was not unreasonable, much less plainly so.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Jacobs, in writing, of the right to petition the Supreme Court of the United States for further review. If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jacobs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5